IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOBBI CASSIDY,                           :

       Plaintiff,                    :  Case No. 3:12cv169

vs.                                       :  JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

       Defendant.                    :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO THE AFORESAID JUDICIAL FILING (DOC. #12) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS UNDER A "DISABILITY" WITHIN THE MEANING OF THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS SET FORTH HEREIN; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On June 3, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act, and that the captioned matter be remanded to the Defendant Commissioner, pursuant to Sentence Four

of 42 U.S.C. § 405(g), for further proceedings consistent with her Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11), as well as in the Defendant's response to Plaintiff's Objections to said judicial filing (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #7), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objection to said judicial filing (Doc. #12), to the extent she seeks a remand for the payment of benefits, rather than one for further administrative proceedings, is overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is vacated and the captioned cause remanded for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v.

Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. No objections, by either party, have been lodged to the Magistrate Judge's conclusion that the Administrative Law Judge's decision to give no weight to Dr. Rahman's two opinions is unreasonable, not articulated according to the Rules and Regulations of the Defendant Commissioner and unsupported by the evidence and case law.

2. Likewise, the Administrative Law Judge has failed to discuss what weight should be given to the report of Dr. Kramer, containing conclusions that are corroborative of Dr. Rahman's two opinions.

3. Plaintiff's only objection is to the Magistrate Judge's conclusion that the captioned cause should be remanded for further administrative proceedings, rather than for the immediate payment of benefits. That objection is overruled. While the Administrative Law Judge, on remand, might well not be able to articulate a reasoned basis for giving no weight to the opinions of Dr. Rahman and to that of Dr. Kramer, the Defendant Commissioner must be given the

opportunity to do so. Accordingly, the Court concludes that evidence of disability in this matter is not overwhelming, to the point where evidence of Plaintiff's disability is strong, while contrary evidence, in the form of Dr. Finnerty's assessment and report, is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

4. Were this Court to remand for the payment of benefits, it would have placed itself in the position of construing the opinions of Dr. Rahman (concurred in by Dr. Kramer), in light of the Defendant Commissioner's Rules and Regulations (as well as pertinent case law), thus placing the Court in the position of acting as the initial fact finder, a task reserved, of course, to the Defendant Commissioner.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objection to the extent that it seeks remand for the payment of benefits, rather than one for further administrative proceedings (Doc. #12), is overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Defendant Commissioner's finding of non-disability, making no finding whether Plaintiff was under a "disability" within the meaning of the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings, to wit: to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and

by case law; and to evaluate Plaintiff's disability claim under the required Five-Step Sequential Analysis to determine anew, having so evaluated the evidence of record, whether Plaintiff was under a disability pursuant to the Social Security Act and, finally, whether her application for SSI should be granted.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 23, 2013

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record